IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIDNEY R. WILLIAMS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:21-cv-00394-M (BT) | |
| § | | |
| ANELI BEDNARS, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Sidney R. Williams's filing entitled "Motion Of The Plaintiff For A Preliminary Injunction And/Or Temporary Restraining Order" (ECF No. 5). For the following reasons, Williams is not entitled to emergency or preliminary injunctive relief and his motion should be DENIED.

**Background**

Williams initiated this civil rights action under 42 U.S.C. § 1983 by filing a complaint (ECF No. 3) on February 24, 2021. At the same time, he also filed a motion for a temporary restraining order and/or a preliminary injunction prohibiting defendants Aneli Bednars, Stephen Tudor, NFN Barnes, NFN Beavers, and Lori Compton, and those acting on their behalf, from denying him his equal protection rights, denying him access to the courts, and denying his right to the freedom to practice his religion until the merits of this case can be determined. In the alternative, Williams moves to be transferred from Kaufman County Detention Facility pending resolution of this action, and he seeks punitive damages. Williams

1

claims that on February 18, 2021, he advised Defendants of his intention to seek a temporary restraining order and/or preliminary injunction. At that time, he provided Defendants with copies of his § 1983 complaint, his temporary restraining order motion, the memorandum in support, and other material documents.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 65(a) provides for the issuance of preliminary injunctions. Fed. R. Civ. P. 65(a). "A preliminary injunction is an 'extraordinary remedy.'" *Texans for Free Enter. v. Texas Ethics Comm'n*, 732 F.3d 535, 536 (5th Cir. 2013) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)); *see Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule."); *see also Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). In fact, "[i]n some ways, the permanent injunction is less demanding than the preliminary injunction." *Valentine v. Collier*, 978 F.3d 154, 159 (5th Cir. 2020).

For a movant to demonstrate entitlement to preliminary injunctive relief or a temporary restraining order, he must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is denied, (3) the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) the grant of an injunction will not disserve the public interest. *Canal Auth. of the State of Florida v. Callaway*,

489 F.2d 567, 572 (5th Cir. 1974); *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). If a movant fails to meet his burden on any of the four elements, the court need not address the other elements. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990). "The decision whether to grant a preliminary injunction lies within the sound discretion of the trial court." *Texas Voters Alliance, et al., v. Dallas County, et al.*, ––– F. Supp.3d ––––, 2020 WL 6146248, at *2 (E.D. Tex. Oct. 20, 2020).

Williams brings this lawsuit under § 1983 attacking certain conditions of confinement at the Kaufman County Detention Facility. Mot. 3 (ECF No. 5). He raises two specific claims: (1) he is being denied a vegetarian diet consistent with the exercise of his religious beliefs; and (2) he is being denied access to the prison law library. Compl. 3-6, 8-14, 18 (ECF No. 3). He alleges that he has suffered irreparable harm through the loss of weight, the denial of the right to the free practice of his religion, the violation of his equal protection rights, and the violation of his right to access the courts. Williams further alleges that a temporary restraining order is necessary here to maintain the status quo, prevent irreparable injury to him, allow the Court to render effective relief if he prevails at trial, and account for the fact that he has no adequate remedy at law.

As the moving party, Williams bears the burden of proof to demonstrate entitlement to preliminary injunctive relief or a temporary restraining order. Under the first element, a plaintiff must plead and prove a substantial likelihood of success on the merits to qualify for injunctive relief. *Jackson v. Fed. Home Corp.*, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). In his first claim, Williams alleges that he is not being provided a vegetarian diet consistent with his religious beliefs. But this claim lacks merit because "prisons need not respond to particularized religious dietary requests to comply with the First Amendment." *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007) (citing *Kahey v. Jones*, 836 F.2d 948 (5th Cir. 1988); *Udey v. Kastner*, 805 F.2d 1218 (5th Cir. 1986)). Moreover, Williams does not prove facts sufficient to show a violation of equal protection. The Fourteenth Amendment's Equal Protection Clause requires "all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To show an equal protection violation, a prisoner must show that they were treated differently, and prison officials acted with a discriminatory purpose. *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (per curiam). Williams fails to demonstrate that he is being treated differently than similarly situated prisoners. Because he fails to show he is being treated differently than those who are similarly situated, he also fails to demonstrate that prison officials acted with a discriminatory purpose.

In his second claim, Williams alleges he is being denied access to the prison law library, an access to the courts claim. It is well established that prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996); *see also Wells v. Thaler*, 460 F. App'x 303, 308 (5th Cir. 2012) (per curiam). This right does not require a "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356*; see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right of access to the courts provides a reasonable opportunity to file non-frivolous legal claims challenging convictions or conditions of confinement). To state a First Amendment claim for right of access to the courts, the plaintiff must demonstrate an actual injury resulting from the alleged denial of access to the courts. *Lewis*, 518 U.S. at 351; *see also Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). When a plaintiff fails to show an actual injury, he lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349; *see also Chriceol*, 169 F.3d at 317; *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Williams makes the bare claim that the Kaufman County Detention Facility has failed to provide him with a copy of his six-month inmate trust fund account to establish his indigency and proceed *in forma pauperis*. However, Williams fails to demonstrate that this occurred. Therefore, he has not shown that he suffered an injury in connection with his access to the courts claim. Also, he was apparently not precluded from filing

5

this lawsuit. At the time Williams filed his complaint and initiated this civil rights action, he also filed three motions. (ECF Nos. 4, 5, 7.)

In sum, Williams has failed to demonstrate that the two claims in his complaint have a substantial likelihood of success on the merits. Therefore, his request for preliminary injunctive relief and/or a temporary restraining order fails under the first element. *See Jackson*, 2011 WL 3874860, at *3. Because Williams does not meet his burden on the first element, this Court need not address the other three elements. *See Roho*, 902 F.2d at 361 (the court failed to address the remaining preliminary injunction elements after it found that he failed to show a substantial likelihood of success on the merits); *see also Humphrey v. Banks*, 777 F. App'x 767, 768-69 (5th Cir. 2019) (per curiam) (finding that the trial court did not abuse its discretion in denying the motion for preliminary injunction where the plaintiff did not show, at the very least, that there was a substantial likelihood of success on the merits or a substantial threat of irreparable injury if the injunction were not issued). Accordingly, he is not entitled to the extraordinary remedy of a temporary restraining order or a preliminary injunction. To the extent Williams is moving for relief that involves a successful outcome to his case, such as his demand for punitive damages, his request is denied as premature.

## Recommendation

For the foregoing reasons, the Court recommends that Williams's "Motion Of The Plaintiff For A Preliminary Injunction And/Or Temporary Restraining Order" (ECF No. 5) be **DENIED**.

SIGNED March 4, 2021.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).