IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIDNEY R. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00394-M-BT |
| | § | |
| ANELI BEDNARS et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sidney R. Williams, a former federal prisoner, filed this *pro se* lawsuit under 42 U.S.C. § 1983 challenging certain conditions of his confinement at the Kaufman County Detention Facility ("Kaufman Jail"). Compl. 3-4 (ECF No. 3). Defendants filed a Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 27). For the reasons stated, the Court should GRANT Defendants' Motion and dismiss Williams's claims with prejudice.

## Background

Williams filed this lawsuit when he was incarcerated at the Kaufman Jail. In his Complaint, he alleges that jail officials denied him a vegetarian diet consistent with his religious beliefs and access to the prison law library. Compl. at 3-6, 8-14, 18. He claims that he suffered irreparable harm, including weight loss, the denial of the right to freely practice his religion, the violation of his equal protection rights, and the violation of his right to access the courts. At the same time, Williams

also filed a motion seeking a temporary restraining order and/or a preliminary injunction prohibiting defendants Aneli Bednars, Stephen Tudor, NFN Barnes, NFN Beavers, and Lori Compton, and those acting on their behalf, from denying him his equal protection rights, denying him access to the courts, and denying his right to the free practice of his religion (ECF No. 5). The Court denied Williams's request for a preliminary injunction (ECF Nos. 10 & 15). Thereafter, Defendants filed the pending Motion to Dismiss, arguing that Williams claims are legally foreclosed in the Fifth Circuit. While Williams did not file a formal response, he did file a motion requesting leave to file a late response (ECF No. 30), and that motion includes Williams's arguments against dismissal. Defendants filed a Reply (ECF No. 34), and Williams filed a Surreply (ECF No. 35). Accordingly, the Motion to Dismiss is fully briefed and ripe for determination.

## Preliminary Matters

As an initial matter, Defendants argue that the Court should strike Williams's Surreply because it was filed in contravention to this district's Local Rules. Indeed, this district's Local Rules do not provide for the filing of surreplies, and Williams did not seek leave to file a surreply in this case. *See* N.D. Tex. L. R. 7.1. Accordingly, the Court STRIKES Williams's Surreply (ECF No. 35) and will not consider it for any purpose.

## Legal Standards

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most

2

favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of

3

showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

## Analysis

In his first claim, Williams alleges that he was not provided a vegetarian diet consistent with his religious beliefs when he was housed at the Kaufman Jail. But Fifth Circuit precedent makes it clear that "prisons need not respond to particularized religious dietary requests to comply with the First Amendment." *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007) (citing *Kahey v. Jones*, 836 F.2d 948 (5th Cir. 1988); *Udey v. Kastner*, 805 F.2d 1218 (5th Cir. 1986)). In addition, Williams does not plead facts sufficient to show an equal protection violation. The Fourteenth Amendment's Equal Protection Clause requires "all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To show an equal protection violation, a prisoner must show that he was treated differently than other prisoners, and prison officials enacted such differential treatment with a discriminatory purpose. *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (per curiam). Williams fails to allege that he is being treated differently than similarly situated prisoners. Accordingly, he fails to state a claim for First Amendment or equal protection violations.

In his second claim, Williams alleges he is being denied access to the prison law library, essentially making an access to the courts claim. Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S.

4

343, 360 (1996); *see also Wells v. Thaler*, 460 F. App'x 303, 308 (5th Cir. 2012) (per curiam). This right does not require a "particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356; *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right of access to the courts provides a reasonable opportunity to file non-frivolous legal claims challenging convictions or conditions of confinement).

To state a First Amendment claim for denial of the right of access to the courts, the plaintiff must demonstrate an actual injury resulting from the alleged denial of access to the courts. *Lewis*, 518 U.S. at 351; *see also Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). When a plaintiff fails to show an actual injury, he lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349; *see also Chriceol*, 169 F.3d at 317; *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Here, Williams has not pleaded any injury in fact, and cannot show that "his position as a litigant was prejudiced by the denial of access to courts." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)). Indeed, Williams has been able to file this lawsuit and prosecute his claims such that the Court can understand them. Williams thus cannot state an access to the courts claim.

Finally, Williams's request for a transfer from the Kaufman facility should be denied as moot. Williams was transferred from the Kaufman County Detention Center to the FMC in Fort Worth, Texas by May 13, 2021 (ECF No. 24), and he was

released from custody by July 16, 2021 (ECF No. 29). Where a prisoner is transferred to another facility, claims for declaratory or injunctive relief are deemed moot. *See Cooper v. Sheriff, Lubbock Cty.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were moot upon inmate's transfer to different prison).

## Recommendation

For the reasons stated, the Court should GRANT Defendants' Motion to Dismiss and dismiss all Williams's claims with prejudice.

**SO RECOMMENDED.**

February 28, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

6